UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
**ANNA T. BALASH-IOANNIDOU,**                                  :

                Plaintiff,     :

                                            :   **MEMORANDUM AND ORDER**

                - against -                      :   22-CV-4506 (AMD) (LB)

**CONTOUR MORTGAGE CORPORATION;
WILMINGTON SAVINGS FUND SOCIETY,    :
FSB,**
                 Defendants.    :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On July 22, 2022, the *pro se* plaintiff, Anna T. Balash-Ioannidou, filed a complaint against defendants Contour Mortgage Corporation ("Contour") and Wilmington Savings Fund Society, FSB ("Wilmington") in the United States District Court for the Southern District of New York seeking declaratory and injunctive relief with regards to foreclosure proceedings involving real property located in Astoria, Queens County, New York. (ECF No. 1.) The plaintiff also submitted an unsigned order to show cause seeking to enjoin "all actions . . . including calculations, notice of sale, auction of property, sale of property and transfer" of the property located at 21-08 30th Avenue, Astoria, New York ("the property") in her Supreme Court of the State of New York, Queens County, Index No. 707379/2015 ("Queens County Supreme Court") foreclosure action. (ECF No. 2.) On August 1, 2022, the action was transferred to this Court. For the reasons set forth below, the case is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

On July 14, 2015, a foreclosure action was instituted against the plaintiff in Queens County Supreme Court seeking final judgment and the sale of the property to satisfy the

mortgage in the amount of $645,300.00.  Contour was the original lender; Wilmington now holds the mortgage and lien and is the "current foreclosing party" on the property in the Queens County Supreme Court foreclosure action.  (ECF No. 1 at 2.)  The plaintiff asserts that she has "issued a payment through Notary Presentment to Defendants in the amount of $645,300.00" to satisfy her debt, as well as a "Notary Protest" and a "Certificate of Dishonor."  (*Id.* at 3.)  She seeks this Court's involvement in the dispute over her alleged satisfaction of the mortgage, for removal of the lien on the property and for "injunctive relief from the ongoing foreclosure action."  (ECF No. 1 at 4-5.)

## STANDARD OF REVIEW

In reviewing the plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).  A district court may dismiss a *pro se* action *sua sponte*, that is, on its own—even if the plaintiff has paid the requisite filing fee—if the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or if the court lacks subject matter jurisdiction over the matter.  Fed. R. Civ. P. 12(h)(3).  "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*.  If subject matter jurisdiction is lacking, the action must be dismissed."  *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship, and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.

## DISCUSSION

### A. *Younger* Abstention

Under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971), this Court lacks jurisdiction over the plaintiff's claims. "The defining feature of *Younger* abstention is that even though either a federal or a state court could adjudicate a given claim, when there is an ongoing state proceeding in which the claim can be raised, and when adjudicating the claim in federal court would interfere unduly with the ongoing state proceeding, the claim is more appropriately adjudicated in state court." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). *Younger* abstention is triggered by three categories of state court proceedings: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013).

Here, the third prong of the *Sprint* rationale applies. "[F]ederal court intervention in an on-going state foreclosure proceeding . . . [is] generally barred by *Younger v. Harris*." *Fequiere v. Tribeca Lending*, No. 14-CV-812, 2015 WL 1412580, at *7 (E.D.N.Y. Mar. 20, 2015) (quoting *Marcelo v. EMC Mortg. Corp.*, No. 10-CV-5964, 2011 WL 1792671, at *4 (E.D.N.Y. May 6, 2011)). The plaintiff seeks declaratory injunctive relief relating to the same property that is the subject matter of the underlying state court actions. The plaintiff's remedies are therefore limited to state court—either in the original venue, or on appeal to the state appellate court. *Younger* abstention bars her from seeking injunctive and declaratory relief in a federal court.

### B. The Anti-Injunction Act

The plaintiff's request for injunctive relief is also precluded by the Anti-Injunction Act, which provides that, "[a] court of the United States may not grant an injunction to stay

proceedings in State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued. *See Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs.*, 398 U.S. 281, 294 (1970). Courts in this Circuit have consistently held that the Anti-Injunction Act applies in the context of pending state court foreclosure proceedings. *See DiMicco v. CitiMortgage, Inc.,* No. 20-CV-755, 2020 WL 804949, at *3 (E.D.N.Y. Feb. 18, 2020); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210, 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (collecting cases).

### C. Frivolous Claim

Finally, the Court would dismiss this case even if it had jurisdiction, because the claims are frivolous. The basis for the plaintiff's claim is that she has satisfied her debt and is entitled to release from the lien on her property because she mailed a "notary presentment" and related documents to defendants. (ECF No. 1 at 1-4.) These documents (*id.* at 7-18), appear to be asserting some sort of "sovereign citizen" claim. *See United States v. Ulloa*, 511 F. App'x 105, 107 n.1 (2d Cir. 2013) ("[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior; the FBI has labeled the sovereign citizens a domestic terrorist group."). People who identify as sovereign citizens use maneuvers like the notary presentment to avoid paying debts or to collect debts that are not actually owed. *See, e.g.*, *Kesick v. Ulloa*, No. 10-CV-1248, 2012 WL 2873364, at *3 (N.D.N.Y. July 12, 2012) (Ulloa filed fraudulent papers entitled "notary presentment" with the Town of Ulster Justice Court falsely claiming that a Justice of the Ulster Town Court owed him the sum of $176,000,000.00); *see also McKay v. U.S.*

*Bank,* No. 14-CV-872, 2015 WL 5657110, at *2 (M.D. Ala. Sept. 24, 2015) (denying plaintiffs' request for declaratory judgment that the defendant was not the real mortgage holder and to quiet title based upon their mailing of a "notarial presentment" and a "notarial notice of Dishonor" to the defendant bank).  To the extent the plaintiff claims that her notary presentment discharges her debt, the claim lacks an arguable basis in law or fact.  *Muhammad v. Smith*, No. 13-CV-760, 2014 WL 3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases).

## CONCLUSION

Accordingly, the instant *pro se* complaint is dismissed without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The motion for preliminary injunctive relief is denied. Further, in keeping with its duty to liberally construe *pro se* complaints, the Court has considered whether to grant leave to amend the complaint but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124-25 (2d Cir. 2011).

The Clerk of Court is respectfully directed to enter judgment and close this case.

Although the plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

      s/Ann M. Donnelly

      _____
      ANN M. DONNELLY
      United States District Judge

Dated: Brooklyn, New York
      August 15, 2022